BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
ADAM M. JOHNSON, IDAHO STATE BAR NO. 11805
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE: (208) 667-0814

**U.S. COURTS**

DEC 16 2025

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLE ANNE HUMPHREY,<br><br>Defendant. | Case No. CR 25-0332-CDCN<br><br>**INDICTMENT**<br><br>21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 853 |

The Grand Jury charges:

### COUNT ONE
**Possession of a Controlled Substance with Intent to Distribute**
**21 U.S.C. §§ 841(a)(1) and (b)(1)(B)**

On or about October 23, 2025, in the District of Idaho, the Defendant, CAROLE ANNE HUMPHREY, did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

**INDICTMENT** - 1

**CRIMINAL FORFEITURE ALLEGATION**
**Drug Forfeiture**
**21 U.S.C. § 853**

Upon conviction of the offense alleged in Count One of this Indictment, the Defendant, CAROLE ANNE HUMPHREY, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said Defendant obtained directly or indirectly as a result of the foregoing offense; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offense. The property to be forfeited includes, but is not limited to, the following:

1. <u>Unrecovered Cash Proceeds and / or Facilitating Property</u>. The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

2. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the Defendant" up to the value of the Defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.  Cannot be located upon the exercise of due diligence;

    b.  Has been transferred or sold to, or deposited with, a third person;

    c.  Has been placed beyond the jurisdiction of the court;

    d.  Has been substantially diminished in value; or

    e.  Has been commingled with other property which cannot be subdivided without difficulty.

**INDICTMENT** - 2

Dated this 16th day of December, 2025.

                        A TRUE BILL

                        */s/ [signature on reverse]*

                        FOREPERSON

BART M. DAVIS  
UNITED STATES ATTORNEY  
By:

ADAM M. JOHNSON  
ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT** - 3