FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 09, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAROLE ANNE HUMPHREY,<br><br>Defendant. | No. 2:26-MJ-00004-JAG-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE ON INDICTMENT AND ORDER OF REMOVAL PURSUANT TO FED R. CRIM. P. 5<br><br>**MOTION GRANTED**<br>   **(ECF No. 3)**<br><br>**\*\*USM ACTION REQUIRED\*\*** |

On January 7, 2026, the Court held a hearing for Defendant CAROLE ANNE HUMPHREY's initial appearance on an Indictment, filed December 16, 2025, in the District of Idaho, at ECF No. 1. Defendant appeared in custody represented by Assistant Federal Defender Adrien Fox. Assistant U.S. Attorney Annika Tangvald represented the United States. U.S. Probation Officer Patrick Dennis was also present. Defendant consented to the proceedings being conducted by video with the Court presiding in Yakima, Washington and Defendant, her counsel, and the Government appearing in Spokane, Washington.

Defendant was advised of, and acknowledged, her rights. The Court entered plea of not guilty to the Indictment on behalf of Defendant. The Office of the Federal Defenders of Eastern Washington and Idaho was appointed to represent the Defendant in this matter while Defendant is present in the Eastern District of Washington.

The United States sought Defendant's detention. **ECF No. 3**. Defendant, personally and through counsel, waived her right to a detention hearing in this

ORDER - 1

District. Individually and through counsel, Defendant also waived her right to an identity hearing and her right to challenge the warrant pursuant to Fed. R. Crim. P. 5. The Court accepted Defendant's waivers as knowing, intelligent, and voluntary.

**IT IS ORDERED:**

1. The United States' Motion for Detention, **ECF No. 3**, is **GRANTED**. **<u>Defendant is committed to the custody of the United States Marshal for detention until further order of the Court, and for removal as soon as reasonably possible to the District of Idaho</u>**.

2. Defendant shall be held in detention separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. The United States is advised that under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*:

   a. The government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

   b. Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's

ORDER - 2

|   |   |   |
|---|---|---|
| | | witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made. |
| | c. | If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information. |
| | d. | This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 582 U.S. 313, 315 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012). |

4. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and

ORDER - 3

the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

     5.    If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for review before the assigned District Judge in the District of Idaho.  *See* 18 U.S.C. § 3145(a) (the court having original jurisdiction over the offense may review a detention order); LCrR 46(k)(3).  If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted consistent with the practice in the District of Idaho.

     **IT IS SO ORDERED.**

     DATED January 9, 2026.



                                          JAMES A. GOEKE
                                UNITED STATES MAGISTRATE JUDGE

ORDER - 4